IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-00031-WDM-MEH

JANET BOESER and CHERYL FOOTE,

    Plaintiffs,

vs.

ANTHONY D. SHARP;
AD SHARP US, INC.;
VALDORO DEVELOPMENT, LLC;
VALDORO SALES & MARKETING, LLC; and
STEVE LUNNEY,

    Defendants.
_____

**ORDER ON DEFENDANTS' MOTION TO COMPEL**
_____

The Defendant has filed a Motion to Compel (Docket #113) production of documents obtained from a computer hard drive that was in the possession of Plaintiff Boeser.  The motion was referred to this Court (Docket #114) and is fully briefed.  Oral argument would not materially aid the Court in its resolution.  For the reasons stated below, Defendant's Motion is **granted**.

**I.  Facts**

These facts do not appear to be disputed unless otherwise noted.  Defendants served Plaintiff Boeser's current employer with a subpoena seeking production of the hard drive of a computer issued to Boeser by the company.  When the parties could not reach an agreement concerning the scope of the search of the computer and production of records obtained therefrom, Boeser filed a Motion for Protective Order.  Magistrate Judge Schlatter ordered the production of the hard drive pursuant to certain procedures, including the search terms to be used for potentially relevant documents.  After

the Court's Order, the parties agreed that Plaintiff's counsel would review the documents obtained from the hard drive (which had been given to a third-party vendor, CFL, to search and print Bates-numbered documents), *unless the number of documents was too burdensome*, and evaluate whether they are subject to production and/or objectionable (including for reasons of privilege).  Documents that were relevant and nonprivileged were to be delivered to counsel for Defendants.

The first attempt made by CFL resulted in upwards of 100,000 potentially relevant pages. By redefining its search terms with the consent of the parties, CFL was able to reduce the universe of potentially relevant documents to approximately 11,000 pages.  Plaintiffs' counsel has refused to engage in the agreed-upon procedure in reliance on the "burdensome" exception noted above, based solely on the "sheer volume" of documents.  Response at 4.  Defense counsel offered to review the documents and, as to any that were potentially privileged upon initial glance, not to review them further and not to raise any allegation of a waiver of the privilege.  After Plaintiff's counsel expressed concern over any review of privileged documents by Defendants' counsel, Defendants offered to have CFL do another search (using names of counsel and/or other search terms that might help segregate privileged documents) in an attempt to avoid any privileged documents being given to Defendants during the document review process.  Plaintiff could then review the culled, potentially privileged documents and deliver to Defendants those that were not privileged, and Defendant would receive the remainder of the 11,000 pages that CFL determined did not involve privilege.  Plaintiff rejected all proposals and did not provide any alternatives.

Plaintiff's counsel ultimately agreed to review a sampling of documents and spent 10 hours reviewing 750 pages.  Plaintiff's counsel has stated that all reviewed documents were either irrelevant,

privileged, or "should not have been included because they did not contain any of the search terms."[1] This Motion to Compel ensued.

**II.     Discussion**

    **A.     Breadth of Discovery**

Despite Plaintiff's counsel's protestations about what they discovered during their sampling, the parties engaged in a good faith process to identify a reasonable universe of documents from Ms. Boeser's hard drive. Defendants cooperated in reducing that number from 100,000 to 11,000. Those 11,000 documents must be reviewed, with relevant, nonprivileged documents provided to Defendants. The Court will not permit any alteration of the prior Order and the parties' agreement. *See Renda Marine, Inc. v. United States*, 58 Fed. Cl. 57, 64 (Ct. Fed. Cl. 2003) (review and production of 38,000 is not overly burdensome; "objection to the production of requested documents based on the volume alone is insufficient to trigger relief from the court"); *Sithon Maritime Co. v. Holiday Mansion*, No. 96-2262-EEO, 1998 WL 182785 (D. Kan. Apr. 10, 1998) (review and production of "tens of thousands, if not hundreds of thousands, of pages of documents" not duly expensive or burdensome).

    **B.     Manner of Production**

The Court respects Plaintiff's desire to keep privileged documents completely out of the hands of Defendants. However, some procedure must be chosen to accomplish the goal. Therefore, Plaintiff may choose the manner in which it will produce the documents. The three options are:

---

[1] However, as to these documents, Plaintiff's counsel does not state whether the documents are relevant, notwithstanding the allegation that they should not have been identified off the hard drive pursuant to the search terms.

3

1. Plaintiff will provide all 11,000 pages to Defendants. Defendants will conduct the review, using all necessary care to identify potentially privileged documents and, once identified, immediately cease its review of those particular documents and return them to Plaintiff so that Plaintiff can determined whether to assert the privilege. Defendants may not raise any claim of waiver of privilege as to these 11,000 pages. Defendants will also provide to Plaintiff an itemization of all nonprivileged documents that it intends to use at trial. This is to be accomplished by June 1, 2006.

2. Plaintiff (or a vendor chosen and paid for by Plaintiff) will conduct the review of the 11,000 pages, identifying those that are privileged (or objectionable on some other basis) and providing a proper log of such documents, but otherwise producing to Defendants the remaining pages. This is to be accomplished by June 15, 2006.

3. Plaintiff will deliver the documents to CFL, providing parameters for a privilege search; CFL will conduct a privilege review using the parameters provided by Plaintiff; CFL will produce to Plaintiff the documents identified as potentially privileged, which Plaintiff will then review and either raise the privilege in the proper manner or produce the documents to Defendants; and CFL will produce the remainder (*i.e.*, the documents not identified as privileged) to Defendants. Defendants may still not raise any claim of waiver of privilege as to any documents returned to it from CFL and will return any apparently privileged documents immediately to Plaintiff, as in Option 1. Defendants will also provide to Plaintiff an itemization of all nonprivileged documents that it intends to use at trial. CFL's charges will be borne by Defendants. This is to be accomplished by June 1, 2006.

Plaintiff Boeser shall file by April 28, 2006 a Status Report indicating which method she has chosen to accomplish the review.

### C.    Attorney's Fees

The Court will deny Defendants' request for attorney's fees *at this time*. It was clearly contemplated by the parties that a motion to compel might be necessary, and Plaintiff has asserted the "burdensome" defense contemplated by the parties' agreement. However, the Court expects not to have to enter further orders regarding this issue, unless the parties submit stipulated alterations of the procedure(s) or the deadlines identified herein. The parties should keep in mind that any further motions will be determined with the trial date in mind.

**III.     Conclusion**

For the foregoing reasons, it is ORDERED that the Defendant's Motion to Compel (Filed February 22, 2006; Docket #113) is **granted** in part, with regard to discovery of Plaintiff Boeser's hard drive as set forth herein, and **denied** in part, with regard to the Defendant's request for attorney's fees.  Plaintiff shall filed the Status Report identified herein on or before April 28, 2006.

DATED this 20th day of April, 2006.

BY THE COURT:

S:/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge