IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00031-WDM-MEH

JANET BOESER and CHERYL FOOTE,

    Plaintiffs,

v.

ANTHONY D. SHARP; AD SHARP US, INC.;
VALDORO DEVELOPMENT, LLC;
STEVE LUNNEY,

    Defendants.
_____

**ORDER ON PLAINTIFF'S MOTION TO
AMEND FINAL PRETRIAL ORDER**
_____

    Before the Court is Plaintiffs' Motion to Allow Rule 26(a)(2) Designation of Expert Witness and to Amend the Final Pretrial Order [Docket #154]. The matter is briefed and has been referred to this Court [Docket #155]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Amend.

**I.    Facts**

    Plaintiffs bring this action against their former employer alleging wrongful discharge, gender discrimination, and state law claims regarding the terms and conditions of their employment. Plaintiffs seek to amend the Final Pretrial Order, entered on August 3, 2004, to include their designated expert, Edward B. Cordes, who was disclosed to Defendants on February 24, 2005. Plaintiffs admit that this designation was technically untimely because the deadline for such designations was December 31, 2003. Plaintiffs argue that good cause exists to amend the Final

1

Pretrial Order because these designations could not be completed until certain documents were produced by Defendants, after the Court granted Plaintiffs' Motion to Compel. Some of these documents were produced on February 1, 2005, and were included in Mr. Cordes expert report disclosed to Defendants' on February 24, 2005. Plaintiffs argue that the disclosure is, therefore, timely based on the Court's Order requiring Defendants to produce the relevant documents. Plaintiffs also state that they have given Defendants the opportunity to depose this expert, and Defendants have declined to do so.

In response, Defendants point out that they have also been forced to file a Motion to Compel against Plaintiffs and have recently received a portion of those documents, the other portion has been withheld on the grounds of privilege. Defendants state that they have no objection to the requested relief provided that (1) Defendants are permitted to disclose an expert if necessary after reviewing documents recently ordered produced by Plaintiffs;[1] and (2) Defendants are permitted to depose Mr. Cordes no later than 60 days prior to trial. Plaintiffs did not file a Reply.

**II.     Discussion**

Because Plaintiffs seek an amendment after the Pretrial Order was issued, Plaintiffs bear the burden of proving that this amendment is necessary to prevent manifest injustice. Fed. R. Civ. P 16(e). In determining whether to allow the amendment, the Court is to consider the following factors: (1) prejudice or surprise to the opposing party; (2) the ability to cure any prejudice; (3) disruption caused by the modification; and (4) any bad faith by the party seeking to modify the order. *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir. 2002).

---

[1] The facts supporting this potential designation are not before the Court on this motion. Thus, if necessary, the Court will consider this relief upon a proper motion by Defendants.

In this case, Plaintiffs were prevented from disclosing Mr. Cordes' report until they received the documents from Defendants that this Court had ordered Defendants to produce. This alone presents the Court with the need to prevent manifest injustice. Moreover, Defendants will not be prejudiced by this modification because the expert was disclosed to Defendants in February 2005. Trial is set in this matter for December 4, 2006. Thus, any prejudice to Defendants can be cured by allowing Defendants to depose Plaintiffs' expert before trial. Accordingly, the will Court **grant** Plaintiff's Motion to Amend and will allow Defendant to depose Mr. Cordes no later than October 6, 2006.

### III.   Conclusion

For the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion to Allow Rule 26(a)(2) Designation of Expert Witness and to Amend the Final Pretrial Order [Filed August 8, 2006; Docket #154] is **granted**. The Final Pretrial Order is amended to include Plaintiffs' expert Edward B. Cordes, and Defendants shall have until October 6, 2006, to depose him.

Dated at Denver, Colorado this 19th day of September, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge