IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00031-WDM-MEH

JANET BOESER and CHERYL FOOTE,

      Plaintiffs,

v.

ANTHONY D. SHARP;
AD SHARP US, INC.;
VALDORO DEVELOPMENT, LLC;
VALDORO SALES & MARKETING, LLC; and
STEVE LUNNEY,

      Defendants.

_____

**ORDER ON PLAINTIFF'S MOTION FOR COSTS**
_____

Plaintiff has filed a Motion for Costs [Docket #163] seeking reimbursement of the printing costs of $712.48 incurred in printing the contents of Plaintiff's hard drive that was previously ordered to be produced. The matter is briefed and has been referred to this Court [Docket #170]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** in part and **denies** in part the Motion for Costs and orders that the costs incurred be shared equally between the parties.

**I.**    **Facts**

The Court previously ordered that documents on Ms. Boeser's hard drive be produced unless the production was overly burdensome. Plaintiff objected that it was, and Defendants filed a Motion to Compel. This Court by Order dated April 20, 2006, required production of the documents. Dock. #126. That Order is incorporated herein by reference. Central to this dispute is Magistrate Judge Schlatter's Order that these documents be produced under the terms to which the parties agreed.

Dock. #106. The parties agreed that Ms. Boeser's hard drive would be delivered to Computer Forensic Labs, Inc. ("CFL"), and that CFL would conduct a search of the documents contained on the hard drive using relevant search terms. These documents were to be printed and delivered to Plaintiff's counsel for inspection and production to Defendant. CFL eventually narrowed the documents to 11,000 pages, and because Plaintiff objected to this volume, Defendants state that they paid extra to have searchable CD's provided to Plaintiff's counsel so that Plaintiff could more easily inspect and produce the documents.

Plaintiff's counsel initially refused to inspect the documents because it was too burdensome, and Defendants filed a Motion to Compel. Dock. #113. This Court found that inspection was not burdensome and required Plaintiff to choose one of three methods in which to produce the documents. Dock. #126 at 4. Plaintiff's counsel chose the second option which states:

> Plaintiff (or a vendor chosen and paid for by Plaintiff) will conduct the review of the 11,000 pages, identifying those that are privileged (or objectionable on some other basis) and providing a proper log of such documents, but otherwise producing to Defendants the remaining pages. This is to be accomplished by June 15, 2006.

*Id.*; *see also* Dock. #128. To accomplish this, Plaintiff's counsel paid to have all 11,000 pages printed for inspection. Plaintiff seeks reimbursement of these costs. Plaintiff's counsel states that this method was easier than reviewing the documents on the computer and was the method originally contemplated by the parties.

In response, Defendants argue that Plaintiff did not previously raise this concern and that Plaintiff's counsel needlessly printed multiple copies of irrelevant photographs. Defendants contend that had Plaintiff's counsel searched the CD's, the printing costs would have been much lower. In addition, Defendants point out that Plaintiff's counsel never conferred with opposing counsel

regarding these irrelevant photographs that were eventually produced to Defendants. Defendants state that had Plaintiff conferred, the parties could have agreed that these documents need not be produced or printed, which would have saved both parties considerable printing costs.

**II.     Discussion**

The Court notes that Plaintiff did state in its Response to the Motion to Compel that the documents were produced on CD's over Plaintiff's objections, although Plaintiff's primary concern was the sheer volume of documents. Dock. #118 at 3. However, the Court also notes that Plaintiff's counsel did not seek these costs in response to the Motion to Compel and did not previously provide Defendants with any alternatives to filing the Motion to Compel. As this Court stated:

> After Plaintiff's counsel expressed concern over any review of privileged documents by Defendants' counsel, Defendants offered to have CFL do another search (using names of counsel and/or other search terms that might help segregate privileged documents) in an attempt to avoid any privileged documents being given to Defendants during the document review process. Plaintiff could then review the culled, potentially privileged documents and deliver to Defendants those that were not privileged, and Defendant would receive the remainder of the 11,000 pages that CFL determined did not involve privilege. Plaintiff rejected all proposals and did not provide any alternatives.

Dock. #126 at 2. Plaintiff also could have exercised its judgment and conferred with Defendant before producing multiple copies of irrelevant photographs.

Both parties raise valid arguments concerning the responsibility of costs. Plaintiff objected to the volume of documents, and Defendants, in a manner unacceptable to Plaintiff, attempted to accommodate this burden on Plaintiff. Plaintiff rejected Defendants' proposals, while providing no alternatives, and did not inspect the documents until ordered to do so by the Court. Yet, the parties' initial agreement states that the documents will be printed and delivered to Plaintiff's counsel, and Plaintiff's counsel informed Defendants that CD's were insufficient. Even so, Defendants sought a

more efficient manner of production to aid Plaintiff's counsel. Based on the circumstances surrounding the production of these documents, the Court finds that cost-sharing is most appropriate. Thus, the Court will direct Defendants to pay $356.24 to Plaintiff as its share of the $712.48 total printing costs incurred. Payment is to be completed no later than November 10, 2006, and Defendants shall file a Certificate of Compliance informing the Court when payment is made.

### III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff Janet Boeser's Motion for Costs [Filed September 25, 2006; Docket #163] is **granted** in part and **denied** in part. Defendants shall pay $356.24 to Plaintiff no later than November 10, 2006, and shall file a Certificate of Compliance with the Court.

Dated at Denver, Colorado, this 26th day of October, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge