IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00031-WDM-MEH

JANET BOESER and CHERYL FOOTE,

    Plaintiffs,

v.

ANTHONY D. SHARP; AD SHARP US, INC.;
VALDORO DEVELOPMENT, LLC;
STEVE LUNNEY,

    Defendants.

_____

**ORDER ON DEFENDANTS' MOTION FOR LEAVE
TO TAKE PRESERVATION DEPOSITION**
_____

Defendants have filed a Motion for Leave to Take Preservation Deposition [Docket #187] requesting that Defendants be allowed to take a trial preservation deposition of a potential witness, Joy Theiss. The matter has been referred to this Court [Docket #188], and oral argument was held by telephone on November 1, 2006. For the reasons stated below, the Court **denies** the Motion to Take Preservation Deposition.

**I.**    **Facts**

Plaintiffs have filed a sexual harassment lawsuit against Defendants and, as part of their suit, have alleged that Defendants were negligent in hiring Ramin Samierad, Plaintiffs' supervisor, because sexual harassment allegations had been made against Mr. Samierad during his previous employment. Ms. Theiss is employed by Mr. Samierad's former employer. She conducted the investigation of the previous allegations, finding insufficient evidence to support the allegations. Defendants assert that because Plaintiffs seek to use these previous allegations as evidence of Defendants' negligent hiring,

the results of the investigation are also relevant. Plaintiffs assert that Ms. Theiss' conclusions are irrelevant because Defendants did not speak with her before hiring Mr. Samierad. Rather, Defendants contacted Gary Duframe, a supervisor in the same company, and were informed by Mr. Duframe of the allegations and the results of the investigation.

The matter comes before the Court on Defendants' motion to take a trial preservation deposition, because Ms. Theiss has recently informed Defendants of her reluctance to travel from Florida to Colorado to testify at trial next month. Plaintiffs argue that Defendants waited too long to seek this deposition, well after discovery ended and shortly before the trial, and assert prejudice due to the late timing.

**II.  Discussion**

Because the time frame in the Final Pretrial Order in this case allowed trial preservation depositions to be taken until forty-five days before the Trial Preparation Conference, and this Conference will be held on November 21, 2006, Defendants essentially seek to amend the Final Pretrial Order. As such, Defendants bear the burden of proving that this amendment is necessary to prevent manifest injustice. Fed. R. Civ. P 16(e). In determining whether to allow the amendment, the Court considers the following factors: (1) prejudice or surprise to the opposing party; (2) the ability to cure any prejudice; (3) disruption caused by the modification; and (4) any bad faith by the party seeking to modify the order. *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir. 2002).

The prejudice to the opposing party is clear. First, Plaintiffs' counsel, in the midst of preparing for a trial that is scheduled to begin in approximately one month, is asked set aside time to prepare and participate in an additional deposition out of state. Second, this close to trial, the Court

is not able to cure this prejudice and cannot modify any of the pre-trial deadlines set by the trial judge in this case. Third, the disruption, similar to the prejudice to Plaintiffs, is great. Both parties are in the process of preparing joint exhibit lists, joint witness lists, Motions in Limine, and trial briefs. *E.g.*, *Canales v. Nicholson*, 177 Fed. Appx. 834, 842 (10th Cir. 2006). Although the Court sees no bad faith on the part of Defendants in seeking this amendment, the Court believes that Defendants have waited until too close to trial to allow this modification to the Final Pretrial Order.

In addition to the preceding factor, the Court finds no injustice to Defendants for the following reasons. First, Defendants do not state that Ms. Theiss has refused to travel to Colorado to testify, only that she is reluctant. Thus, a preservation deposition may be unnecessary. Second, Ms. Theiss' testimony concerns a collateral issue, the results of a sexual harassment allegation that are not the subject of this lawsuit. Third, Ms. Theiss's testimony is likely irrelevant and inadmissible.[1] Defendants never spoke with Ms. Theiss before hiring Mr. Samierad. Rather, Defendants were informed by Mr. Duframe that an investigation had been conducted and that the investigator had not found conclusive evidence of sexual harassment. Because the specifics of Ms. Theiss' investigation had no bearing whatsoever on the decision to hire Mr. Samierad (since the Defendants were completely unaware of those specifics), the proposed deposition falls outside even the broad range of Rule 403 and Fed. R. Civ. P. 26(b)(1).

---

[1]This Court rarely comments on the relevance of testimony at trial and usually only addresses the broad scope of discovery relevant under Fed. R. Civ. P. 26(b)(1). This is in part because the trial judge is in the best position to determine relevance for the trier of fact. Nevertheless, in such a tangential issue as this, this Court must point out that courts uniformly reject the potential of allowing a series of "mini-trials," such as is contemplated by Ms. Theiss's testimony regarding prior allegations. Moreover, this Court can hardly see the relevance of any discussion of the previous allegations of sexual harassment, even under Plaintiffs' negligent-hiring theory, or its potential admissibility, which would allegedly require rebuttal testimony by Ms. Theiss. *Cf.*, *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002).

In addition, Plaintiffs' counsel admitted during oral argument that *all* the information received from Mr. DuFrame is relevant to Defendants' state of mind in making the decision whether to hire Mr. Samierad. Because Defendants did not speak with Ms. Theiss, she cannot add any testimony that will not be admissible from other sources. These facts negate any injustice to Defendants by not having a preservation deposition, and, in fact, likely preclude her testimony as irrelevant.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion for Leave to Take Preservation Depositions and for Expedited Hearing [Filed October 30, 2006; Docket #187] is **denied**.

Dated at Denver, Colorado, this 2nd day of November, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge