IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-00031-WDM-MEH

JANET BOESER, ET AL.,

    Plaintiffs,

v.

ANTHONY D SHARP, ET AL.,

    Defendant(s).

---

**ORDER ON MOTIONS FOR RECONSIDERATION AND
CROSS MOTIONS FOR RECONSIDERATION**

---

Miller, J.

These matters are before me on Plaintiffs' Motion to Reconsider Order on Motion for Partial Summary Judgment (docket no. 130), Plaintiffs' Second Motion to Reconsider Order on Motion for Partial Summary Judgment (docket no. 134), Defendants' Cross Motion to Reconsider Order on motion for Partial Summary Judgment (docket no. 133), and Defendants' Second Cross-Motion to Reconsider Order on Motion for Partial Summary Judgment (docket no. 147).  The parties ask me to review various portions of my March 31, 2006 Order on Motion for Partial Summary.

Although the parties do not specify the basis for their motions, I construe the motions as a request for reconsideration of the summary judgment order pursuant to Fed. R. Civ. P. 54(b).  This rule provides, in relevant part:

> In the absence of [a determination that there is no just reason for delay in entry of final judgment as to fewer than all claims or parties], any order or other form of decision, however designated, which adjudicates fewer than

> all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, *and the order or other form of decision is subject to revision at any time* before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 54(b) (emphasis added).  *See U.S. Indus., Inc. v. Anderson*, 579 F.2d 1227, 1229 (10th Cir. 1978) (in absence of Rule 54(b) certification, order was subject to revision).  I did not certify my summary judgment ruling as final for purposes of Rule 54(b), and thus the order may be revised.

I.      Plaintiffs' Motion to Reconsider (#130)

Plaintiffs request that I revise the portion of the order dismissing Plaintiff Cheryl Foote's Title VII gender discrimination claim and the claim asserted by both Plaintiffs that Defendants breached an implied contract.  I address the arguments pertinent to each claim below:

   A.   Gender Discrimination Claim

Foote's gender discrimination claim is based on statements made to her by her supervisor, Ramid Samierad, when her employment was terminated.  Foote alleges that Samierad told her she would be better off if she stayed home and took care of her son and that she was fired because she was not sufficiently committed to Valdoro since she was working a reduced schedule because of her son.  Foote also relies on evidence that Samierad complained to others about Foote using a breast pump at work and allegedly treated men more favorably than women in the workplace.  I disagreed with Foote that these statements were direct evidence of gender discrimination, but rather showed action based on Foote's status as a parent, which is not gender-specific.  I

2

therefore granted summary judgment to Defendants on this claim.

Foote requests that I reconsider this order because it should be for the jury to decide the intent of Samierad's statement and whether the statements were impermissible gender stereotyping relating to Foote's status as a woman rather than her status as a parent. While there is no doubt that stereotyping based on notions about whether a woman will or should conform to certain roles when she becomes a mother can constitute gender discrimination, *see Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 119-120 (2nd Cir. 2004), I am not persuaded that the order granting summary judgment on this claim should be revised. The issue is whether Samiered's alleged statements constitute direct evidence of gender discrimination and I conclude that they do not. Even construing the facts in the light most favorable to Foote, the evidence shows the dismissal was based on, *inter alia*, her <u>actually</u> working a reduced schedule in order to care for her son, which relates to her status as a parent. Accordingly, I decline to revise this portion of the order.

  B. <u>Implied Contract Claim</u>

Plaintiffs' claim of breach of implied contract is based on Plaintiffs' allegation that Valdoro breached its Policies and Procedures regarding the "zero tolerance" of sexual harassment and statements by one of Valdoro's principals that the equal opportunity policies were a "guarantee." I granted summary judgment in Defendants' favor on this claim because the language contained in the policies is too vague to constitute an actionable promise and because an employer's promise to prohibit unlawful conduct is illusory, since an employer is required to follow the law whether it promises to do so or

not.  Plaintiffs contend this portion of the order was in error, citing case law concerning employee handbooks containing procedures for termination of employment.  I find that Plaintiffs' case law is distinguishable and decline to find that the Policies and Procedures contained an enforceable implied contract right.

II.     Plaintiffs' Second Motion to Reconsider (#134)

Plaintiffs request that I revise the portion of the order dismissing Plaintiffs' Title VII retaliation claim in light of the new standard announced by the U.S. Supreme Court in *Burlington Northern & Santa Fe Ry Co. v. White*, 126 S. Ct. 2405 (2006), which issued after the summary judgment order was filed.  Plaintiffs' retaliation claim is based on a letter sent to Plaintiffs by Defendants' attorney in connection with Plaintiffs' charge of discrimination filed with the Colorado Civil Rights Division ("CCRD").  In the letter, Defendants' counsel states that Plaintiffs' Independent Contractor Agreement provides for attorneys' fees to the prevailing party in any action or proceeding arising out of the agreement. The letter goes on as follows: "There being little question that Valdoro will be the prevailing party in this matter . . . , Valdoro has directed that we advise you that attorney fees and costs incurred to date in responding to your charge total approximately $2,500.  At the conclusion of this process, we will provide you with an accounting of the total amount you will be obligated to reimburse to Valdoro."

 I dismissed this claim on the grounds that the letter was not an adverse employment action as it did not affect Plaintiffs' employment status.  However, the Supreme Court in *Burlington Northern* held that retaliatory conduct is not limited to actions affecting employment terms and conditions.  126 S. Ct. at 2414 (the scope of

Title VII's anti-retaliation provision "extends beyond workplace-related or employment-related retaliatory acts and harm."). I agree with Plaintiffs that my order granting summary judgment to Defendants cannot stand in light of this clarification.

Nonetheless, Plaintiffs must still demonstrate that the disputed and undisputed material facts, construed in the light most favorable to Plaintiffs, create a genuine issue as to whether Defendants' conduct produced an injury or harm that was materially adverse to Plaintiffs. This requires demonstrating that the challenged action "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern*, 126 S. Ct. at 2415. The particular circumstances surrounding the act also should be considered in determining the impact of an employer's act. *Id.* Applying this standard, I conclude that Plaintiffs have not produced sufficient evidence of harm to submit the issue to the jury.

Plaintiffs argue that the threat of paying an employer's attorneys' fees might dissuade a reasonable worker from making or supporting a charge of discrimination. I note that Plaintiffs were not represented by counsel at the time these letters were sent. Under some circumstances, threats concerning legal recourse could constitute an adverse action sufficient to state a claim for retaliation. *See, e.g., Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001) (employer's threat of legal action against plaintiff after she requested reasonable accommodation could be considered retaliatory under the ADA); *E.E.O.C. v. Outback Steakhouse of Florida, Inc.,* 75 F. Supp. 2d 756, 758 (N.D. Ohio 1999) (holding that employer filing a bad faith counterclaim in response to discrimination claims could constitute adverse action).

5

Nonetheless, unlike a bad faith legal claim, which creates a real and imminent danger of financial or other harm, I discern no actual hardship resulting from the receipt of Defendants' letter. Plaintiffs contend that the letter "could have been construed by Plaintiffs" to mean that by the end of the trial, Plaintiffs might have to pay hundreds of thousands of dollars in legal fees to Defendants. The possibility of paying the attorney's fees of a prevailing opponent is often a deterrent to litigation. However, the threatened harm, if it occurred, would result from Plaintiffs' contracts (which Plaintiffs are presumed to know), not from any unilateral action taken by Defendants. *See Krane v. Capital One Serv., Inc.*, 314 F. Supp. 2d 589, 610-12 (E.D. Va. 2004) (plaintiffs could not state ADEA retaliation claim based on provision in waiver requiring former employees to pay employer's attorneys' fees in any action brought in violation of the agreement, although provision might be unenforceable on other grounds).

I note that the letter, particularly the sentence "we will provide you with an accounting of the total amount you will be obligated to reimburse to Valdoro," suggests that Plaintiffs would be obligated to pay Defendants' attorneys' fees regardless of the outcome. Notwithstanding this problematic implication, Plaintiffs have produced no evidence that Defendants' characterization of their legal rights caused Plaintiffs any harm or injury, other than conjecture as to how the letters could have been construed, much less harm that would dissuade a reasonable worker from pursuing a charge of discrimination.

III.    <u>Defendants' Cross Motion to Reconsider</u> (#133)

Defendants request that I revise the portion of the order refusing to grant

summary judgment in favor of Defendant Anthony Sharp on Plaintiffs' Negligent Hiring, Promotion, Supervision and Training Claim. Defendants also request that I revise the portion of the order refusing to grant summary judgment in favor of all Defendants on Plaintiffs' Fraud Claim. I address the arguments pertinent to each claim below:

> A.   Claims Against Anthony Sharp

Defendants argue that the only claim asserted against Sharp is the negligent hiring/retention claim and that the summary judgment order failed to address their argument that Sharp should be dismissed. I disagree. Two claims are asserted against Sharp: the negligent hiring, promotion, supervision, and training claim and Foote's claim for violation of C.R.S. § 8-4-120. I declined to dismiss the negligent hiring/retention claim against Defendants, including Sharp, on the grounds that Defendants provided no discussion of the scope of their duty to investigate previous sexual harassment claims and did not address the claim of negligent supervision at all. In their cross-motion to reconsider, Defendants still do not address the question of the Defendants' duty, including Sharp's, with respect to hiring/retention or supervision.[1]

---

[1] In their reply brief in support of the cross-motion, Defendants argue, without authority, that because Sharp was not Plaintiffs' employer, he cannot be held liable as a matter of law for negligent retention or hiring of Samierad. This is contrary to established case law. *See, e.g., Raleigh v. Performance Plumbing and Heating*, 130 P.3d 1011, 1018 (Colo. 2006) ("The scope of the employer's duty of care in making the hiring decision extends to persons the employer should have reasonably foreseen the employee--who possesses the dangerous propensity the employer knew of, or reasonably should have known of--would come into contact with through the employment"). Moreover, contrary to Defendants' assertion, even though Sharp individually may not have been Plaintiffs' or Samierad's employer, this does not foreclose the possibility that he had a duty to Plaintiffs by virtue of his position as a principal of Valdoro. *Sanford v. Kobey Bros. Const. Corp.*, 689 P.2d 724, 725 (Colo. App. 1984) ("Neither the doctrine of respondeat superior nor the fiction of corporate

Accordingly, Defendants have not demonstrated that my previous order was in error.

    B.    <u>Fraud Claim</u>

I denied Defendants' motion for summary judgment on Plaintiffs' fraud claim on the grounds that Plaintiffs had demonstrated the existence of a factual issue as to whether one of Valdoro's sales managers, Barry Bridges, knew that some of the predictions of future sales presented to Plaintiffs were not accurate. Defendants ask me to reconsider this decision on the grounds that the evidence presented by Plaintiffs on this issue shows that Bridges merely misspoke during his deposition.

On a motion for summary judgment, I must draw all favorable inferences in favor of the non-moving party. Defendants' cross-motion essentially requests that I make the opposite inference and resolve a disputed issue of fact in Defendants' favor. I decline to do so.

IV.    <u>Defendants' Second Cross Motion to Reconsider</u> (#147)

Defendants request that Defendant AD Sharp US, Inc. be dismissed from this action, arguing that the parties do not dispute that this defendant should be dismissed but disagree as to whether dismissal should be with or without prejudice. I note that at the Pretrial Preparation Conference on November 21, 2006, counsel for both parties represented that Defendant AD Sharp US, Inc. should be dismissed from this action without prejudice.

Accordingly, it is ordered:

---

existence bars imposition of individual liability for individual acts of negligence, even when the individual is acting in a representative capacity.").

1. Plaintiffs' Motion to Reconsider Order on Motion for Partial Summary Judgment (docket no. 130) is DENIED.

2. Plaintiffs' Second Motion to Reconsider Order on Motion for Partial Summary Judgment (docket no. 134) is DENIED.

3. Defendants' Cross Motion to Reconsider Order on motion for Partial Summary Judgment (docket no. 133) is DENIED.

4. Defendants' Second Cross-Motion to Reconsider Order on Motion for Partial Summary Judgment (docket no. 147) is DENIED AS MOOT.

5. Defendant AD Sharp US, Inc., is dismissed from this action without prejudice, parties to bear their own costs and fees.

DATED at Denver, Colorado, on December 14, 2006.

                                            BY THE COURT:

                                            s/ Walker D. Miller
                                            United States District Judge