IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-00031-WDM-MEH

JANET BOESER, ET AL.,

     Plaintiffs,

v.

ANTHONY D SHARP, ET AL.,

     Defendants.

---

## ORDER ON MOTIONS IN LIMINE

---

Miller, J.

     This matter is before me on Plaintiff Janet Boeser's Fed. R. Evid. 412 Motion to

Preclude Evidence of Plaintiff Janet Boeser's Sexual Behavior or Sexual Predisposition

(doc no 229), Defendants' Motion to Under Fed. R. Civ. P. 412 (doc no 267), and

numerous other motions in limine and motions to strike (doc nos 194, 197, 202, 203,

206, 207, 208, 209, 210, 213, 215, 217, 231).   The motions are granted and denied as

follows:

<u>Background</u>

     Plaintiffs are two former sales executives for Defendants Valdoro Development

LLC and Valdoro Sales and Marketing, LLC ("Valdoro"), who sold fractional ownership

interests in the Valdoro Mountain Lodge in Breckenridge, Colorado.   Defendant

Anthony D. Sharp ("Sharp") is the president of AD Sharp US, Inc., which is the

managing member of Valdoro Development.   Defendant Steve Lunney ("Lunney") is a

senior vice president of Valdoro.

Plaintiffs contend that in September 2000 they were induced to leave their previous jobs to work for Valdoro based on representations by Valdoro that turned out to be false. Some of the allegations and claims concern a senior sales manager, Ramin Samierad ("Samierad"), who was allegedly the subject of previous complaints of sexual harassment that Lunney and Valdoro failed to adequately investigate. Other allegations concern a bonus contest announced in 2001, and running to December 2001, that was changed mid-year. Foote went on maternity leave in June 2001 and her employment was terminated in November 2001. Boeser alleges that Samierad made sexual advances towards her and when she rejected them, he terminated her employment in March 2002. Specifically, Boeser alleges that Samierad propositioned her several times, told her she would be impressed with his sexual prowess and that he would take care of her, and called her numerous times, but terminated her employment in retaliation for her rejection of his advances. According to Samierad, he asked her out for drinks, suggested they should date, and that Boeser said she would think about it and let him know. Defendants contend that Boeser was terminated for non-discriminatory and non-retaliatory reasons including, *inter alia*, unprofessional behavior at work.

Discussion

1.    <u>The Rule 412 Motions</u>

Plaintiff Boeser and Defendants filed, under seal, motions seeking to include or exclude certain evidence concerning Boeser's sexual behavior or alleged sexual

2

predisposition pursuant to FRE 412.  I held a hearing on these motions on April 4, 2007

pursuant to the Rule.  In general, FRE 412 precludes the admission of evidence in any

civil proceeding involving alleged sexual misconduct "offered to prove that any alleged

victim engaged in other sexual behavior" or "offered to prove any alleged victim's

sexual predisposition."   FRE 412(a).  However, in a civil case, such evidence may be

admissible if it is otherwise admissible and its probative value outweighs the danger of

harm and of unfair prejudice.  FRE 412(b).  Evidence of an alleged victim's reputation is

admissible only if it has been placed in controversy by the alleged victim.  *Id.*  The rule

is intended to be construed broadly to include any evidence that might have a sexual

connotation for the fact-finder.   Advisory Committee Note.

Boeser identifies three categories of evidence that she seeks to preclude: (a)

conduct before she began working for Defendants; (b) conduct while working for

Defendants; (c) conduct occurring after her termination.  She argues that any evidence

in category (a) should be excluded because it is remote in time to the events underlying

Boeser's claim and Defendants were unaware of this evidence when they made their

decisions.  Evidence in category (b) should be excluded, Boeser contends, because it

was not directed at Samierad and, therefore, it is not relevant to whether Boeser

welcomed Samierad's advances.  Finally, evidence in category (c) should be excluded

because it is not probative of whether Boeser welcomed Samierad's sexual advances,

since it occurred after those events and after her termination.

In response, Defendants argue that this conduct does not concern her private

relationships, but rather her public behavior, and is highly probative of whether

Samierad's advances were unwelcome.  They assert that even the incidents occurring before the events at issue in this litigation were well known in the community and that Samierad would have known about them.  Events occurring after the litigation, Defendants argue, are relevant to Boeser's "overall habit of using her sexuality for control and for profit" and her "motive, opportunity, intent and plan" to entice Samierad sexually and then manipulate him, as well as her plan to use the attraction she encouraged as the basis for this lawsuit. Defendants also argue that since Boeser has denied much of this conduct, they are entitled to impeach her credibility with this evidence.  They also argue that the conduct which occurred at work played a role in her termination and is thus admissible and relevant.

     A.    <u>Conduct occurring before Boeser's employment at Valdoro</u>

As a general matter, private behavior remote in time of which Samierad was unaware would be irrelevant to issues such as the welcomeness of his advances. However, Boeser and Samierad worked together before they joined Valdoro and, therefore, certain public or work-related behavior by Boeser could be probative of her relationship with Samierad and welcomeness.  *See Beard v. Flying J., Inc.*, 266 F.3d 792, 802 (8th Cir. 2001) (privacy concerns of Rule 412 inapplicable where evidence related to the plaintiff's "non-intimate sexual behavior in a public place that she clearly had no intention to hide from others."); *Paraohao v. Bankers Club, Inc.,* 225 F. Supp. 2d 1353, 1359-60 (S.D. Fla. 2002) (evidence that plaintiff and alleged harasser had personal and business relationship outside of the office negated unwelcomeness element of discrimination claim); *Sheffield v. Hilltop Sand & Gravel Co.,* 895 F. Supp.

4

105, 109 (E.D. Va. 1995) (evidence that alleged harasser knew that plaintiff participated in sexually provocative discussions and activities in the workplace was relevant to issue of welcomeness of his sexually suggestive antics).

I conclude that evidence concerning Boeser's public conduct occurring before her employment at Valdoro, provided Samierad was aware of it at the time of his alleged harassing behavior, may be admissible.  This includes the following, as identified in Appendix A of Defendants' Motion (doc no 266-2): Tabs 20(d), 21-23, 27, 29, 30.  Accordingly, I will deny the motions without prejudice as to this evidence. Defendants may seek to offer this evidence at trial and, depending on the context and purpose for which it is offered and subject to trial objections, I may admit it.

On the other hand, evidence concerning purely private matters will not be admitted as any probative value it may have is significantly outweighed by the unfair prejudice it may effect.  This includes evidence identified in Tabs 19 and 20(f) of Appendix A.

The final category of evidence relating to the time period before Boeser's employment at Valdoro concerns Boeser's involvement in litigation and threatened proceedings.  Boeser filed a sexual harassment lawsuit against an employer in 1996 and allegedly made complaints against other employers before she worked at Valdoro. In addition, she has been involved in court actions involving restraining orders against former boyfriends.  The court proceedings involving Boeser's former personal relationships are not relevant to any issue in this litigation and should be excluded. However, the evidence concerning Boeser's lawsuits and threatened legal action

against previous employers could be relevant to issues such as Boeser's knowledge of legal remedies and other issues pertinent to her claims or the Defendants' affirmative defenses.  Therefore, I will deny the motions without prejudice with respect to evidence of previous employment-related litigation, threatened legal action, or previous complaints of harassment, including evidence identified in Tab 18, 20(b), 20(c), 20(g), and 23 of Appendix A.

      B.    <u>Conduct occurring while Boeser was employed at Valdoro</u>

Evidence concerning Boeser's workplace conduct while employed at Valdoro appears to be relevant to a number of issues, including the welcomeness of Samierad's advances and whether Boeser cultivated a relationship with him for her own purposes, as well as the reason for her termination.  *See Wilson v. City of Des Moines*, 442 F.3d 637, 643 (8th Cir. 2006) (carefully limited evidence of plaintiff's lewd, sexually charged comments in the workplace admissible to show why other employees avoided her as well as welcomeness of alleged sexual harassment).  Accordingly, to the extent this motion seeks to exclude this evidence, the evidence may be admitted, but this is without prejudice to appropriate trial objections.  This includes evidence identified in Tabs 24, 25, 27, and 28 of Appendix A.

      C.    <u>Conduct occurring after Boeser's departure from Valdoro</u>

I conclude that evidence of Boeser's conduct occurring after her termination from Valdoro is not relevant and should be excluded.  While Defendants may be entitled to present their defense theory that Boeser had a plan, motive or practice of using her sexual charms for manipulative purposes, Boeser's post-termination conduct is

factually unrelated to the issues in this lawsuit and any probative value is outweighed by its unfairly prejudicial effect.  Accordingly, the following evidence, as identified in Appendix A, will be excluded: Tabs 1-17, 20(a), 26, 31.

As a final note, although I have determined that much of the evidence that is the subject of the parties' 412 motions should be excluded, to the extent that Boeser opens the door to any of these matters in her testimony, she may be impeached or cross-examined as permitted by the Rules of Evidence.

2.    Boeser's Motion in Limine to Preclude Evidence of Prior Lawsuits or Potential Litigation (doc no 194)

The substance of this motion has been addressed in my analysis of the Rule 412 motions.  As discussed above, evidence relating to restraining orders against Boeser's former boyfriends will be excluded.  Evidence relating to litigation, threatened legal action, or complaints of harassment against former employers may be admissible, depending on the context in which it is offered and subject to trial objections. Accordingly, this motion should be granted in part and denied without prejudice in part.

3.    Plaintiffs' Motion to Strike Late Designation of Deposition Testimony (doc no 197)

Plaintiffs move to strike Defendants' designation of deposition testimony on the grounds that it is untimely.  However, this motion was filed in advance of a now-vacated trial date and the parties now have had adequate time to file new designations and counter-designations.  Accordingly, this motion should be denied as moot.

4.    Boeser's Motion in Limine to Preclude Evidence of Plaintiff's Altercations (doc no

202)

Boeser moves to exclude evidence concerning several heated arguments and altercations she had with other women after she left Valdoro.  As discussed above, matters occurring after Boeser's termination are generally not relevant to any issue in this lawsuit.  Defendants seek to introduce this evidence to show that Boeser is confrontational and boisterous and would not have been intimidated by Samierad's advances.  In addition, Defendants argue that this evidence further supports Defendants' contention that Boeser did not get along with others at work, which was a reason for her termination.

I will grant the motion to the extent Defendants seek to introduce this evidence in their case in chief.  However, as discussed above, this evidence may be admissible for impeachment or cross examination as permitted by the Rules of Evidence.

5.   <u>Boeser's Motion in Limine to Preclude Evidence of Plaintiff's Alleged Fraudulent Marriage</u> (doc no 203)

After Boeser was terminated from Valdoro, she allegedly married a South African foreign national in exchange for money.  This is among the evidence that I have deemed inadmissible under Rule 412 because it occurred after Boeser's termination and because its probative value is outweighed by its unfairly prejudicial effect. Accordingly, the motion will be granted.

6.   <u>Defendants' Motion in Limine to Preclude Testimony of Edward B. Cordes</u> (doc no 206)

Plaintiffs designated Edward B. Cordes as an expert witness.  The subject of Mr.

Cordes's proposed testimony concerns the relationship between Valdoro Development LLC ("Development") and Valdoro Sales & Marketing Co., Inc., LLC ("Sales") and Plaintiffs' contention that Sales is the alter ego of Development.  His summary conclusion is that  "[t]he essence of Sales is that of a cost center in the overall development of the timeshare project.  Management of Sales and Development are simply operating for the benefit of the overall project and has completely disregarded the separate corporate entities."  Defendants seek to exclude this testimony on the grounds that it is duplicative of undisputed testimony concerning the relationship of the entities.  In response, Plaintiffs argue that the expert testimony will assist the jury in understanding the testimony and will help establish that Development should be liable for the acts of Sales (Plaintiffs' putative employer).  In the alternative, Plaintiffs note that if the evidence is really undisputed, and Defendants are willing to stipulate that Development is liable for the acts of Sales, they will not present Cordes at trial.

I will grant the motion without prejudice.  In the event that liability of the different entities is an issue in dispute at trial and Plaintiffs seek to introduce Cordes's testimony in this regard, I will make a determination as to the admissibility of his opinions at that time.

7.     Boeser's Motion in Limine to Preclude Evidence of Plaintiff's Alleged Comment

       Regarding her Buttocks (doc no 207)

       Boeser seeks to preclude evidence that she has stated she has "a big nigger butt" to another witness on the grounds that it is irrelevant, is inadmissible character evidence, and its probative value is outweighed by its prejudicial effect.  Defendants

9

state in response that this statement, in the context of Plaintiffs' overt sexual behavior, is relevant to show that the alleged sexual attention she received from Samierad was not unwelcome and that her boisterous behavior negatively affected the workplace.

This evidence may be relevant for the reasons discussed in my analysis of the Rule 412 motions, depending on the context and purpose for which it is offered. Accordingly, I will deny the motion without prejudice to the extent the evidence concerns statements made while Boeser was employed at Valdoro.

8.    Boeser's Motion in Limine to Preclude Evidence of Plaintiff's Errors in her
      Resume (doc no 208)

Plaintiff's resume apparently contains the following "errors": omission that she has a cosmetology license, incorrect date regarding her position at a previous employer, omission that she worked for Elite Hair Design (the employer that she successfully sued for harassment and discrimination), an incorrect location for another job, and a misstatement of a previous employer.  Defendants have not asserted a defense of after acquired evidence; therefore, Plaintiffs argue, these errors are not relevant to any defense.  In response, Defendants argue that the evidence is relevant to Boeser's credibility and truthfulness.

I will deny the motion without prejudice.  Depending on the context and purpose for which it is offered, this evidence may be relevant to an issue in dispute and may be admissible.

9.    Motion in Limine to Preclude Evidence of Plaintiff's Alleged Use of Illegal
      Substances (doc no 209)

Boeser seeks to exclude testimony by a witness that the witness had heard people saying that Boeser must have gone on a cocaine binge.  Boeser denies using illegal drugs.  Defendants deny that they will introduce this portion of the testimony but reject the contention that any evidence of illegal drug use would be inadmissible or irrelevant.  Accordingly, I will deny the motion as moot.

10.	Boeser's Motion in Limine to Preclude Evidence of Leif Nelson's Complaint Against Plaintiff (doc no 210)

Boeser moves to exclude evidence of a complaint by Leif Nelson, an off-site broker, against Plaintiff, while she was employed at Valdoro.  As a result of the complaint, Boeser was given a written warning on December 9, 2000, which recited "She needs to stop confronting people in such a hostile way and handle on a more professional manner," and "Any further un-proffessional [sic] manner towards people in our industry or clients will cause a separation of employment." Boeser argues that the warning was issued before she had a chance to give her side of the story.  In addition, she contends that since this incident was remote in time from her termination (about one year and three months), it is irrelevant and unfairly prejudicial.  In response, Defendants argue that this incident is directly relevant to issues such as the unlikelihood that Boeser would have been offended by the alleged harassment, Boeser's alleged demands that Samierad terminate other sales people and other reasons for her termination, and Valdoro's use of progressive discipline in handling Boeser.

I agree with Defendants that this evidence may be relevant and its probative

value is not outweighed by its prejudicial effect.  Accordingly, the motion is denied.

11.    <u>Defendants' Motion in Limine Regarding Evidence of the Plaintiff's Alleged</u>

<u>Damages</u> (doc no 213)

Defendants seek to exclude evidence concerning reliance-based damages.

Plaintiffs contend that Barry Bridges, a representative of the defendants, allegedly

promised Plaintiffs earnings of $250,000-300,000 per year before they agreed to

become employed at Valdoro.  Plaintiffs acknowledged that they knew in February

2001 that they would not earn those amounts.  Further, the payment and commission

structure was changed in February 2001, but Plaintiffs continued working.  Defendants

argue that after February 2001, Plaintiffs' reliance was no longer justifiable.

Defendants also seek to exclude evidence of emotional distress, because neither

Plaintiff is seeking damages for emotional distress.  Defendants further seek to cut off

damages as of March 27, 2003, when Plaintiffs were both given offers of reinstatement,

or seek to have damages offset by the amounts Plaintiffs could have earned had they

accepted the offers.  Defendants finally assert that Foote is not entitled to her

requested damages (her 2001 bonus) under the Colorado Wage Claim Act because

she did not make a written demand for payment pursuant to C.R.S. § 8-4-109(3).

In response, Plaintiffs argue that the attempt to exclude reliance damages is not

an evidentiary issue.  They further argue that there is no dispute concerning emotional

distress damages, but object to Defendants' broad request to preclude any evidence of

emotional distress.  Plaintiffs contend that the question of mitigation is one for the jury

and should be addressed with jury instructions.  Finally, they note that the failure to

comply with the notice requirements of the Wage Claim Act is a jury issue.

I will deny the motion without prejudice as premature.  Plaintiffs' entitlement to various categories of damages depends on resolution of factual issues; accordingly, I cannot determine the admissibility of the evidence at this time.  Whether Plaintiffs reasonably relied on Defendants' representations and what damages they incurred as a result are questions of fact for the jury.  Similarly, whether reinstatement was a reasonable option or method of mitigation is a question of fact, not an evidentiary issue.[1]  Whether Foote complied with notice requirements of the Colorado Wage Claim Act is also a question of disputed fact.

Finally, there does not appear to be a dispute between the parties regarding recovery of emotional distress damages.  However, if Defendants object to any testimony or evidence concerning Plaintiffs' emotional distress, I will make a determination depending on the context and purpose for which the evidence is offered.

12.  <u>Plaintiffs' Motion in Limine to Preclude Evidence of Ramin Samierad's Current Health Condition</u> (doc no 215)

Plaintiffs seek to preclude evidence that Samierad is ill and that his illness is the reason he is not present at trial (if he does not appear) because it is hearsay.  In

---

[1]The defense of failure to mitigate will not be presented to the jury unless the trial court determines there is sufficient evidence to support it.  *Fair v. Red Lion Inn*, 943 P.2d 431, 437 (Colo. 1997).  Under Colorado law, an employee seeking damages for breach of an employment agreement has a duty to mitigate, which includes acceptance of an unconditional offer of reinstatement where no special circumstances exist to justify rejection.  *Id.* at 442.  Similarly, under Title VII, an employee forfeits the right to back pay if he or she refuses an offer of employment substantially equivalent to the one from which the employee was discharged, absent special circumstances.  *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982).

response, Defendants note that there is no dispute that Samierad has cancer and his failure to appear could be prejudicial if no reasonable explanation is offered to account for it.

The motion will be denied without prejudice.  If Samierad does not appear at trial, Plaintiffs may renew their objection if they deem it necessary.

13.     <u>Defendants' Motion in Limine Regarding the Deposition Testimony of Nanette Hay and Plaintiffs' Exhibit 1</u> (doc no 217)

Hay is a witness who will not be available at trial and both parties have designated portions of her deposition testimony.  Plaintiffs seek to admit testimony concerning claims of sexual harassment Hay asserted against Samierad at a previous job.  Plaintiffs' Exhibit 1 is a deposition exhibit, documenting the complaint and the previous employer's investigation, dated January 2000.  The previous employer was unable to substantiate the claim of sexual harassment, but found that inappropriate behavior, including sexual jokes, had occurred.  Hay was assigned to another supervisor, all employees and managers were given additional training on harassment and appropriate work place behavior, and a warning issued to Hay about sending inappropriate emails of a sexual nature.  Defendants argue that the Hay situation is factually dissimilar and thus irrelevant, since this case concerns Samierad allegedly asking Boeser out for a date and then terminating her employment when she refused, while Hay's complaint did not involve any discipline or termination.  Defendants also argue that the testimony is not relevant to the claim of negligent hiring/promotion because no one disputes that the complaint was made and Defendants did not have an

14

obligation to re-investigate a claim that could not be substantiated by the previous employer.  Defendants argue that if this evidence is admitted, it will be require significant rebuttal evidence that will simply be a re-hash of an old issue, unnecessarily prolonging the trial.

Boeser argues in response that this evidence is directly relevant to the negligent hiring claim because Samierad allegedly treated Hay similarly to Boeser after each woman rejected his advances.  Boeser argues that Samierad's objectionable conduct went beyond asking her for a date and that there are similarities to his actions with Hay. Neither party has provided a transcript of Hay's testimony so I cannot verify the content of the testimony or determine whether there are similarities in the alleged conduct.

I will deny the motion without prejudice.  It appears that this conduct is relevant to the negligent hiring claim.  However, I will not permit these proceedings to be prolonged by a mini-trial on the truth of Hay's allegations. *See Tennison v. Circus Circus Enter., Inc.,* 244 F.3d 684, 690 (9th Cir. 2001) (no error to exclude testimony regarding alleged harassing incidents occurring five years before statute of limitations when evidence was remote in time, presented risk of unfairly prejudicing defendants, and introducing incidents might have resulted in "mini trial" and inefficient use of trial time).  Accordingly, depending on the context and purpose for which the evidence is offered, this evidence may be admitted for a limited purpose, subject to trial objections.

14.     Boeser's Motion in Limine to Preclude Evidence of Plaintiff's Alleged Drinking
         Habits (doc no 231)

Boeser seeks to exclude evidence concerning "specific incidents in which she

had drinks or was intoxicated." Boeser argues that this evidence is unfairly prejudicial and is inadmissible character evidence. In response, Defendants argue that this evidence is not being offered to prove action in conformity with previous conduct or that it concerns truthfulness. Rather, Defendants argue that the fact that Boeser was intoxicated on these occasions is relevant to her recollection of events and to her conduct, specifically her sexual behavior, and to her credibility, since she denies being intoxicated or engaging in sexually tinged conduct at public events.

I will deny the motion without prejudice. It appears that the most prejudicial aspect of the proffered testimony is not that Boeser was intoxicated, but rather her specific language or behavior. Nonetheless, that Boeser was drinking appears to be part of the context in which the incidents occurred and may be relevant for showing how the behavior was perceived, the reason that it occurred, or, as Defendants suggest, Boeser's recollection of the events. Therefore, evidence that Boeser was intoxicated may be admissible, if the underlying incident is relevant, depending on the context and purpose for which it is offered and subject to trial objections.

Accordingly, it is ordered:

1.   Plaintiff Janet Boeser's Fed. R. Evid. 412 Motion to Preclude Evidence of Plaintiff Janet Boeser's Sexual Behavior or Sexual Predisposition (doc no 229) is granted in part and denied without prejudice in part, as set forth above.

2.   Defendants' Motion to Under Fed. R. Civ. P. 412 (doc no 267) is denied in part and denied without prejudice in part, as set forth above.

16

3.     Boeser's Motion in Limine to Preclude Evidence of Prior Lawsuits or Potential Litigation (doc no 194) is granted in part and denied without prejudice in part.

4.     Plaintiffs' Motion to Strike Late Designation of Deposition Testimony (doc no 197) is denied as moot.

5.     Boeser's Motion in Limine to Preclude Evidence of Plaintiff's Altercations (doc no 202) is granted.

6.     Boeser's Motion in Limine to Preclude Evidence of Plaintiff's Alleged Fraudulent Marriage (doc no 203) is granted.

7.     Defendants' Motion in Limine to Preclude Testimony of Edward B. Cordes (doc no 206) is granted without prejudice.

8.     Boeser's Motion in Limine to Preclude Evidence of Plaintiff's Alleged Comment Regarding her Buttocks (doc no 207) is denied without prejudice.

9.     Boeser's Motion in Limine to Preclude Evidence of Plaintiff's Errors in her Resume (doc no 208) is denied without prejudice.

10.    Motion in Limine to Preclude Evidence of Plaintiff's Alleged Use of Illegal Substances (doc no 209) is denied as moot.

11.    Boeser's Motion in Limine to Preclude Evidence of Leif Nelson's Complaint Against Plaintiff (doc no 210) is denied.

12.    Defendants' Motion in Limine Regarding Evidence of the Plaintiff's Alleged Damages (doc no 213) is denied without prejudice.

17

13.     Plaintiffs' Motion in Limine to Preclude Evidence of Ramin Samierad's

Current Health Condition (doc no 215) is denied without prejudice.

14.     Defendants' Motion in Limine Regarding the Deposition Testimony of

Nanette Hay and Plaintiffs' Exhibit 1 (doc no 217) is denied without

prejudice.

15.     Boeser's Motion in Limine to Preclude Evidence of Plaintiff's Alleged

Drinking Habits (doc no 231) is denied without prejudice.

16.     Motion to Amend Motion in Limine to Preclude Evidence of Prior Lawsuits

or Potential Litigation (doc no 198) is granted.

DATED at Denver, Colorado, on May 14, 2007.

                                        BY THE COURT:


                                        s/ Walker D. Miller
                                        United States District Judge