IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 03-cv-00031-WDM-MEH

JANET BOESER,

    Plaintiff,

v.

ANTHONY D. SHARP, et al.,

    Defendants.

## ORDER ON MOTION FOR STAY

Miller, J.

    This matter is before me on Plaintiff Janet Boeser's Motion for Stay Pending Appeal or, in the Alternative, to Bifurcate Hearing on Defendants' Motion for Attorney Fees and Setting of Briefing Schedule (doc no 422). Defendants oppose the motion. For the reasons set forth below, I will deny the motion in its entirety.

    Plaintiff initiated this lawsuit asserting, in general, claims for compensation allegedly promised to her when she began working for Defendant Valdoro Sales and Marketing, LLC and a Title VII sexual harassment claim. Pretrial, I determined that attorneys' fees issues, including who was the prevailing party, would be decided by me as the Court after the jury verdict on liability issues. Following a jury verdict on June 13, 2008 in favor of Defendants and against Plaintiff on all claims, Defendants filed a motion for recovery of attorneys' fees (doc no 409). Defendants asserted a counterclaim against Plaintiff for attorneys' fees based on a fee-shifting provision contained in an Independent Contractor Agreement between Plaintiff and Defendant Valdoro Sales and

Marketing, LLC. In its verdict, the jury concluded that the Independent Contractor Agreement was enforceable against Plaintiff, but did not specifically make findings about the attorneys' fees provision. In their motion, Defendants seek fees and costs as the prevailing parties based on this contract term as well as Title VII, arguing that Plaintiff's sexual harassment claim was frivolous from the outset because Plaintiff knew she was an independent contractor and, therefore, could not recover under Title VII.

Plaintiff seeks to stay the case so that she may appeal the alleged issues concerning the jury verdict; a favorable determination in her appeal could ultimately change the determination of who is entitled to attorneys' fees. In the alternative, she requests bifurcation of the attorneys' fees issues. Specifically, she contends that the legal questions of which of the defendants is entitled to attorneys' fees and for what claims should be litigated in an initial proceeding. After these matters have been determined, she argues, the defendants should then submit their itemized fee statements and reasonableness of the claimed amounts should be addressed.

In requesting a stay, Plaintiff essentially seeks entry of final judgment on the jury verdict pursuant to Fed. R. Civ. P. 54(b). Fed. R. Civ. P. 54(b) provides:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The purpose of Rule 54(b) is "to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until final adjudication of the entire case by making an immediate appeal possible." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A.

Wright et al., *Federal Practice and Procedure: Civil 2d* § 2654 at 33 (1982)). Such orders are not to be made routinely in light of the limited purpose of Rule 54(b), which is to provide a recourse for litigants when dismissal of less than all of their claims will create undue hardship. *Id.* at 1242. Determining whether entry of final judgment is appropriate is a two step process: (1) the court must determine that the judgment is final; (2) the court must determine that there is no just reason for delay. *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980)). The second factor is left to the sound discretion of the court and may take into account judicial administrative interests as well as the equities involved; factors that may be considered include whether the claims under review are separable from the others and whether the nature of the claims are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Curtiss-Wright*, 446 U.S. at 8.

Plaintiff has not provided an analysis under Rule 54(b). Nonetheless, I conclude that the first factor is satisfied: the jury verdict is final and resolved all issues except attorneys' fees. With respect to the second factor, however, I see no prejudice to Plaintiff from having to delay her appeal until all claims are resolved. The issues already decided are factually separable from those pending, but intertwined to the extent that success on the merits determines who is the prevailing party under the fee-shifting contractual provision and statute. While judicial efficiency could be promoted by delaying the attorneys' fees question until an appeal on the jury verdict is resolved, this is only the case if Plaintiff succeeds in her appeal. If she is unsuccessful on appeal and the verdict is upheld, the case would be remanded for determination of attorneys' fees,

3

which could result in yet another appeal and piecemeal litigation. Factual recall for all concerned would be impaired by the passage of time. If all issues are appealed at the same time, judicial efficiency would be promoted by having the merits and attorneys' fees questions briefed and resolved together. Plaintiff's request for a stay and final judgment on the jury verdict issues therefore will be denied.

In the alternative to a stay, Plaintiff seeks bifurcation of the attorneys' fees issues. Plaintiff argues that legal questions concerning Defendants' contractual and statutory entitlement to attorneys' fees should be addressed first, including which Defendants may claim fees under the Independent Contractor Agreement fee-shifting provision and which claims fall within its scope, and questions regarding Plaintiff's good or bad faith in asserting the Title VII claim. After these issues are resolved, Plaintiff argues, the reasonableness of Defendants' fees should be determined. Defendants oppose this motion and argue that Plaintiff is seeking to delay the proceedings and to avoid having to post an appeal bond.

I conclude that bifurcation is unnecessary. The attorneys' fee determinations are routinely handled by pleadings and affidavits, normally without the need of any evidentiary hearing or discovery. I also note that the attorneys' fee counterclaim has been pending since initial pleadings and the discovery cut off has long passed. The issues may be adequately addressed by Plaintiff's response to Defendants' motion and affidavit, with the Defendants having the right to reply if they desire.

Given the magnitude of Defendants' request, I will allow 30 days from the date of this order for Plaintiff to respond to Defendants' motion for attorneys' fees, which should be ample time for counsel to prepare a response, particularly since Plaintiff's counsel

4

have been actively involved and partially responsible for what appear to be an unusual number of billable hours.

I note that for some reason several matters remain pending on the docket but were in fact resolved or rendered moot by trial, and these motions are addressed below.

Accordingly, it is ordered:

1. Plaintiff Janet Boeser's Motion for Stay Pending Appeal or, in the Alternative, to Bifurcate Hearing on Defendants' Motion for Attorney Fees and Setting of Briefing Schedule (doc no 422) is denied.

2. The following motions are denied as moot: Motion to Seal Document (doc no 358), Motion for Leave to File Motion for Judgment on the Pleadings (doc no 359), Motion to Allow Ramin Samierad to Testify in Rebuttal via Video (doc no 367), Motion in Limine (doc no 368), Motion for Directed Verdict (doc no 386).

3. Plaintiff's Second Motion for an Extension of Time to Respond to Defendants' Motion for Attorneys' Fees (doc no 423) is granted. Plaintiff shall file a response to the motion for attorneys' fees on or before October 17, 2008. The response, exclusive of exhibits, shall not exceed 20 pages.

4. Defendant may file a reply brief, not to exceed 10 pages exclusive of

exhibits, no later than October 31, 2008.

DATED at Denver, Colorado, on September 16, 2008.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge