IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 03-cv-00031-WDM-MEH

JANET BOESER,

    Plaintiff,

v.

ANTHONY D. SHARP, et al.,

    Defendants.

---

## ORDER

---

This matter is before me on the Defendants' Motion for Attorney's Fees and Other Expenses totaling $956,739.91 (doc. no. 409). Defendants make their claims as "prevailing parties" under both the Independent Contractor Agreement ("Agreement") between Plaintiff and Valdoro Sales & Marketing, LLC ("Sales") (Ex. 8) and Title VII. *See* § 42 U.S.C. 2000e-5(k). Sales also sought the same relief under the Agreement in the Defendants' Answer, Counterclaim and Jury Demand (doc. no. 5). Plaintiff disputes the Defendants' entitlement to fees and the reasonableness of the fees claimed.

Addressing first the issue of entitlement, paragraph 14 of the Agreement provides: "In the event of any litigation to enforce the terms, conditions, or provisions of the Agreement, the prevailing parties shall be entitled to the recovery of all costs including reasonable attorney's fees." (Exhibit 8). The fee-shifting statute of Title VII likewise provides a fee entitlement to the prevailing party: "In any action or proceeding

under this sub-chapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs . . .".  42 U.S.C. § 2000e-5(k).

Under either basis for fee recovery, Defendants are plainly the prevailing parties without exception.  Plaintiff brought 13 claims for relief against several Defendants and not just against her named employer, Sales.  By Order on Motion for Partial Summary Judgment (doc. no. 119), Plaintiff's claims of unlawful retaliation and breach of implied contract were dismissed.  Upon being required to elect her remedies during a pretrial conference, Plaintiff dismissed her claims for breach of contract.  At the close of Plaintiff's case at trial, I granted the Defendants' motion pursuant to Fed. R. Civ. P. 50(a) as to Plaintiff's claim for negligent hiring, supervision, training and promotion.  As a consequence, the individual defendants Anthony Sharp ("Sharp") and Steve Lunney ("Lunney") were dismissed.  The corporate defendant AD Sharp US, Inc. had been earlier dismissed.  At the conclusion of trial, the jury returned a verdict finding that Plaintiff was an independent contractor and not an employee for Title VII purposes.  The jury also found against the Plaintiff on her remaining claims:  negligent misrepresentation, fraudulent concealment, statutory fraud and her affirmative defense that the Defendant materially breached the independent contractor agreement.

Concerning Defendants' claim under the Agreement, Plaintiff does not directly contest that a contract may impose attorney fee liability on one party to the contract for the benefit of the contracting party who prevails in litigation.  Instead, Plaintiff stresses the fact that Sales is the sole party to the contract and there is no evidence that Sales

incurred any expenses and, as a consequence, asserts Sales has no right to fees.[1]

Defendants respond that Sales is a wholly owned subsidiary of Development--a "pass-through" entity–and both parties have treated the Valdoro entities essentially as a unitary defendant.  Indeed, Plaintiff herself undertook significant efforts to hold Development liable, claiming Sales was its alter *ego*.  *See* Plaintiff's expert report addressed to Plaintiff's counsel attached as Exhibit 2 to Defendant's reply (Doc. no. 435).  Even more telling, in response to my efforts to simplify the presentation to the jury, the parties agreed to treat the Valdoro entities as a singular party upon the express condition that Development was fully responsible for the acts or omissions of Sales.

Accordingly, Plaintiff presents herself with patent inconsistency: she is in favor of the alter *ego* doctrine when it benefitted her but not when it's to her detriment.  The Supreme Court in *New Hampshire v. Maine*, 532 U.S. 742 (2001) has established that such inconsistency cannot be dismissed as simple self interest when it occurs in the judicial process; instead the parties should be judicially estopped "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."  *Id*. at 749-50.  Applying the judicial estoppel considerations identified by the Court to this case, I conclude Plaintiff is judicially estopped from asserting defenses based on formal entity distinctions between Sales and Development.  Plainly, her position now is "clearly inconsistent" with her former position that Development was fully responsible for all of Sales' actions.  *Id*. Secondly, this court obviously accepted, indeed invited, the former position so that

---

[1] Defendants do not contest that it was Valdoro Development, LLC ("Development") that was the sole payor of all fees and expenses claimed.

3

acceptance of the latter would create at least the "perception" of being mislead. *Id*. And finally, to allow Plaintiff to enjoy the advantages of the alter *ego* doctrine without its correlative responsibilities is unfair. *Id*. at 751; *See* also *Eastman v. Union Pacific Railroad Co.,* 493 F.3d 1151, 1156 (10th Cir. 2007). Accordingly, I conclude that the Defendant entities are entitled to recover from Plaintiff all of Development's reasonable costs, including attorney's fees, arising from this litigation in accordance with the Agreement. For the same reasons, I conclude that the Defendants' counterclaim should be granted.[2]

With this conclusion, I need not address whether these entities are entitled to fees under Title VII. However, in addition to the entities, individual Defendants Sharp and Lunney also claim attorney fee entitlement. Plaintiff resists, arguing that they were not parties to the Agreement and should not be considered third-party beneficiaries of it. Defendants do not respond other than to argue the claims were intertwined with the independent contractor and employee issues and, in any case, the claims of negligence were without merit.

As my Rule 50 Order confirmed, I agree that the claims against Lunney and Sharp were baseless and would otherwise trigger Plaintiff's liability for attorney's fees under Title VII as frivolous or unreasonable pursuant to the standard of *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422 (1978). However, as Plaintiff points out, the claim against these Defendants was based on

---

[2]Pretrial, Defendant sought to have its counterclaim determined by the court while the Plaintiff resisted and asserted it should be determined by the jury. I resolved this dispute pursuant to authorities that both the issue of attorney fee entitlement and the amount of any fees was a matter for the court to decide as a question of law.

negligence and not Title VII. Although obviously linked to Plaintiff's failed attempt to fabricate a Title VII claim, Defendants provide no authority that such ancillary negligence claims are covered by the Title VII statutory authority to recover fees. It may well be that these Defendants may have had a valid claim under Colorado statute or rule imposing attorney fee liability for frivolous law suits but Defendants did not state such a claim in their filings.

I also agree with the Plaintiff that Defendant has not established that the Agreement provided a basis for imposing fee liability on the Plaintiff for Lunney's and Sharp's costs. They were not a party to the contract and they have not proved that the Plaintiff or other defendants intended to make them third-party beneficiaries. Likewise, there is no proof that the entity defendants had an indemnification obligation which might arguably be included in the contractual liability of the Agreement.

Accordingly, I conclude that Defendant's motion should be denied as to Defendants Lunney and Sharp.

Having determined that certain defendants are entitled to attorney's fees and after review of the parties' filings, there remain sufficient issues concerning the amount of the claimed fees and related expenses that a post-judgment hearing should be held to determine those fee issues.

Accordingly, it is ordered:

1. Defendants' motion for attorney's fees (doc. no. 409) is granted as to Defendants Valdoro Sales & Marketing, LLC and Valdoro Development LLC as provided herein, but otherwise denied;

2. Defendants Valdoro Sales & Marketing, LLC's counterclaim is granted to the

same extent;

3. Judgment shall enter against Plaintiff on all her claims and in favor of Defendants in accordance with the jury's verdict and my prior rulings, including this order granting Defendant's Valdoro Development Co. LLC and Valdoro Sales and Marketing, LLC's entitlement to attorney's fees and related expenses, thereby granting Defendant Valdoro Sales & Marketing, LLC's counterclaim against the Plaintiff;

4. Defendants may have their costs in accordance with Fed. R. Civ. P. 54(d) and this court's local rules; and

5. On or before April 15, 2009, the parties shall set a scheduling conference with this court to determine a date for hearing and any prehearing filings.

DATED at Denver, Colorado, on March 30, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge